IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALVIN D. WILLIAMS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-2306-RGA |
| CHRISTOPHER S. SONTCHI, et al., | : |
| Defendants. | : |

Calvin D. Williams, Hamtramck, Michigan.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 24, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Calvin D. Williams, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on December 19, 2019, alleging civil rights violations by federal and state officials. (D.I. 2). He asserts jurisdiction by reason of a federal question. He has filed a request for counsel, motions to amend, and a motion to change venue. (D.I. 4, 5, 8, 9). I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The complaint stems from actions taken by Defendants Chief United States Bankruptcy Judge Christopher S. Sontchi and Samson Resources Corporation in a Chapter 11 bankruptcy action, Case No. 15-11934-CSS (Del. Bankr.), filed in the United States Bankruptcy Court for the District of Delaware. Plaintiff filed two bankruptcy appeals in this Court, Civ. No. 16-1124-RGA and Civ. No. 18-084-RGA related to Case No. 15-11934-CSS. I dismissed the appeal in 16-1124-RGA as untimely on August 30, 2017, see Civ. No. 16-1124-RGA at D.I. 60, 61), and on April 12, 2018, the dismissal was affirmed on appeal, *see id.* at D.I. 83-1. The second appeal brought by Plaintiff concerned the denial of his proof of claim in the bankruptcy case and, on September 27, 2018, I affirmed the Bankruptcy Court's claim objection order. *See* Civ. No. 18-084-RGA at D.I. 28, 29. Plaintiff appealed, and the judgment was affirmed on October 4, 2019. *Id.* at D.I. 37-2.

In the instant Complaint, Plaintiff alleges unconstitutional acts occurred during the bankruptcy proceedings on June 27, 2016, and July 11, 2016. (D.I. 2 at 7-8). He

1

alleges that Judge Sontchi, who is sued in his official capacity (D.I. 2 at 3 of 13), violated the Fifth and Fourteenth Amendments to the United States Constitution, Federal Rules of Civil Procedure 46 and 27(3), and Judicial Canons 1-3 when he "ignored/disregarded/ omitted/tossed out [Plaintiff's] case-winning evidence." (*Id.* at 6, 8, 10). He alleges Defendant Samson Resources Corporation, which is sued in individual and official capacities, submitted fraudulent material during the bankruptcy hearing. (*Id.* at 6).

Plaintiff explains that an evidentiary hearing in the bankruptcy proceeding took place on June 8, 2016 and, at that time, Samson Resources submitted fraudulent material. (*Id.* at 6, 10). Plaintiff alleges that he exposed the fraudulent material and forwarded it to the Court. (*Id.* at 6). Plaintiff alleges that after evidence of an expired lease and servitudes was submitted, Judge Sontchi ordered Samson Resources to produce a valid lease or settle the case with Plaintiff. (*Id.* at 10). Plaintiff alleges that the filing was docketed on June 29, 2016, given Docket Item 1104 in the underlying bankruptcy matter, and docketed as an objection to the Bankruptcy Court's June 8, 2016 Order.[1] (*Id.* at 6). Liberally construing the Complaint, Plaintiff seems to allege that Judge Sontchi ignored the evidence.[2]

For relief Plaintiff asks, "follow original order and make Samson settle." (D.I. 2 at 10).

---

[1] On June 8, 2016, the Bankruptcy Court entered an order overruling Plaintiff's objection and approving Samson Resources' sale motion with respect to assets. *See* Civ. No. 18-084-RGA, D.I. 28 at 5.

[2] The Bankruptcy Court ruled there was a valid lease. *See* Civ. No. 18-084-RGA, at D.I. 28, at 5.

2

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent

3

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Statute of Limitations.** The *Bivens* claim and any 42 U.S.C. § 1983 claim are

4

time-barred.[3]  Both civil rights actions are governed by Delaware's two-year statute of limitations.  See 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).  "A *Bivens* claim, like a claim pursuant to 42 U.S.C. § 1983, is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims."  *Wilson v. United States Gov't*, 735 F. App'x 50, 52 n.1 (3d Cir. 2018) (internal quotations and citations omitted).  These civil rights claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *See, e.g., Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).  Plaintiff states that he "exposed" to the Court the "fraudulent material" submitted at the evidentiary hearing on June 8, 2016, so that's the date when the statute of limitations began to run. He also references Bankruptcy Docket Item 1104, which was a pleading filed on June 29, 2016, in which he alleged, "It appears that someone has LIED and manipulated the facts and distorted them.  For lack of a better term it looks like Samson has bamboozled this Honorable Court. . . . [T]hey still do not hold a valid lease and never did." In re Samson Resources Corp., Case No. 15-11934

---

[3] A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers.  The *Bivens* claim is brought against Bankruptcy Judge Sontchi.  Not only is the *Bivens* claim time-barred, Judge Sontchi is immune from suit by reason of judicial immunity.  *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  There are no allegations that either Defendant is a state actor.

(CSS), D.I. 1104 at 1 (D. Del. Bankr. June 29, 2016).

To the extent Plaintiff raises a fraud claim against Samson Resources,[4] in Delaware, claims based in fraud are subject to a three-year statute of limitations. *Jeter v. RevolutionWear, Inc.*, 2016 WL 3947951, at *9 (Del. Ch. July 19, 2016) (citing 10 Del. C. § 8106). Generally, "the cause of action accrues at the time of the alleged wrongful act, even if the plaintiff is ignorant of the cause of action." *Seiden v. Kaneko*, 2015 WL 7289338, at *7 (Del. Ch. Nov. 3, 2015) (citations omitted).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). A district court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint alleges the events giving rise to his claim occurred on June 27, 2016 and July 11, 2016. (*See* D.I. 2 at 7-8). Plaintiff did not file his Complaint until December 19, 2019. Hence, it is evident from the face of the Complaint that all claims that accrued prior to December 19, 2017 (this includes the civil rights claims) are barred

---

[4] Samson Resources is not a state actor. Therefore, the Court liberally construes the Complaint as raising a fraud claim against it.

by the two-year limitations period, and all claims that accrued prior to December 19, 2016 (this includes the fraud claim) are barred by the three-year limitations period. Because Plaintiff's claims are time-barred the Court will dismiss these claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Federal Rules of Civil Procedure**. The Complaint also alleges that Judge Sontchi violated the Rules 27(3) and 46 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure do not create a private cause of action. *See Digene Corp. v. Ventana Med. Systems, Inc.,* 476 F. Supp. 2d 444, 452 (D. Del. 2007). The claims will be dismissed as frivolous.

**Canons**. Finally, the Complaint alleges that Judge Sontchi violated "Canons" 1-3. (D.I. 2 at 6, 8, 10). Presumably Plaintiff refers to the Code of Conduct for United States Judges. There is no private right of action for violations of the Judicial Code. *See Caldwell v. Obama,* 6 F. Supp. 3d 31, 44 n.8 (D.D.C. 2013); *Church of Scientology Int'l v. Kolts,* 846 F. Supp. 882 (C.D. Cal. 1994).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss all pending motions as moot (D.I. 4, 5, 8, 9);[5] and (2) dismiss the Complaint as time-barred and legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

---

[5] Two of Plaintiff's motions request leave to amend to add bankruptcy, district, and circuit judges, all of whom, it appears, did not rule in Plaintiff's favor in the related bankruptcy proceeding and appeals to the district and appellate courts. Every proposed additional defendant, like Judge Sontchi, is immune from suit by reason of judicial immunity. See footnote 3.

7

The Court finds amendment futile. Plaintiff's allegations are inconsistent with any theory that the statute of limitations could be tolled due to lack of knowledge on his part.

An appropriate order will be entered.

8